FILED _____ LODGED
_____ RECEIVED _____ COPY

JAN 1 1 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ B DEPUTY

1  GLENN B. McCORMICK
   Acting United States Attorney
2  District of Arizona
   FRANK T. GALATI
3  Assistant U.S. Attorney
   Arizona State Bar No. 003404
4  Two Renaissance Square
   40 N. Central Ave., Suite 1800
5  Phoenix, Arizona 85004
   Telephone: 602-514-7500
6  Email: Frank.Galati@usdoj.gov
   Attorneys for Plaintiff
7

8              IN THE UNITED STATES DISTRICT COURT

9                  FOR THE DISTRICT OF ARIZONA

10  United States of America,

11                    Plaintiff,                No. | CR-22-00021-PHX-SMB

12         vs.                                   **PLEA AGREEMENT**

13  Joseph John Marak,

14                    Defendant.

15

16        Plaintiff, United States of America, and the defendant, Joseph John Marak, hereby

17  agree to dispose of this matter on the following terms and conditions:

18  **1.    PLEA**

19        The defendant will plead guilty to **Count 1** of the information charging the

20  defendant with a violation of Title 52 United States Code (U.S.C.), § 20511(2)(A),

21  **Submission of Materially False Voter Registration Application**, a Class D felony

22  offense.

23  **2.    MAXIMUM PENALTIES**

24        a.    A violation of 52 U.S.C. § 20511, is punishable by a maximum fine of

25  **$250,000**, a maximum term of imprisonment of **five (5) years**, or both, and a term of

26  supervised release of **three (3) years**. A maximum term of probation is **five (5) years**.

27        b.    According to the Sentencing Guidelines issued pursuant to the Sentencing

28  Reform Act of 1984, the Court shall order the defendant to:

1          (1)    make restitution to any victim of the offense pursuant to 18 U.S.C.

2    § 3663 and/or 3663A, unless the Court determines that restitution would not be

3    appropriate;

4          (2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a

5    fine is not appropriate;

6          (3)    serve a term of supervised release when required by statute or when a

7    sentence of imprisonment of more than one year is imposed (with the understanding that

8    the Court may impose a term of supervised release in all other cases); and

9          (4)    pay upon conviction a **$100** special assessment for each count to

10   which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

11       c.    The Court is required to consider the Sentencing Guidelines in determining

12   the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court

13   is free to exercise its discretion to impose any reasonable sentence up to the maximum set

14   by statute for the crime(s) of conviction, unless there are stipulations to the contrary that

15   the Court accepts.

16   **3.**    **<u>AGREEMENTS REGARDING SENTENCING</u>**

17       a.    **Stipulation.** Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and

18   the defendant stipulate that defendant shall be placed on **probation** under terms and

19   conditions deemed appropriate by the Court, but not to include an initial condition (that is,

20   a condition imposed at sentencing rather than upon revocation or modification) requiring

21   "intermittent confinement, community confinement, or home detention." [See U.S.S.G.

22   Section 5B1.1(a)(2).]

23       b.    **Restitution.** There is no restitution due or owing in this case.

24       c.    **Assets and Financial Responsibility.** The defendant shall make a full

25   accounting of all assets in which the defendant has any legal or equitable interest. The

26   defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or

27   transfer any such assets or property before sentencing, without the prior approval of the

28   United States (provided, however, that no prior approval will be required for routine, day-

1  to-day expenditures).  The defendant also expressly authorizes the United States Attorney's
2  Office to immediately obtain a credit report as to the defendant to evaluate the defendant's
3  ability to satisfy any financial obligation imposed by the Court.  The defendant also shall
4  make full disclosure of all current and projected assets to the U.S. Probation Office
5  immediately and prior to the termination of the defendant's supervised release or probation,
6  such disclosures to be shared with the U.S. Attorney's Office, including the Financial
7  Litigation Unit, for any purpose.  Finally, the defendant shall participate in the Inmate
8  Financial Responsibility Program to fulfill all financial obligations due and owing under
9  this agreement and the law.

10       d.       Acceptance of Responsibility.  If the defendant makes full and complete
11  disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's
12  commission of the offense, and if the defendant demonstrates an acceptance of
13  responsibility for this offense up to and including the time of sentencing, the United States
14  will recommend a two-level reduction in the applicable Sentencing Guidelines offense
15  level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more,
16  the United States will move the Court for an additional one-level reduction in the applicable
17  Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

18  **4.       AGREEMENT TO DISMISS OR NOT TO PROSECUTE**
19       a.       Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of
20  sentencing, shall dismiss the following charges: **none.**

21       **b.**       This office shall not prosecute the defendant for any other offenses
22  committed by the defendant, and known by the United States, in connection with **FBI file**
23  **number 056D-PX-3133959.**

24       c.       This agreement does not, in any manner, restrict the actions of the United
25  States in any other district or bind any other United States Attorney's Office.

26  **5.       COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**
27       a.       If the Court, after reviewing this plea agreement, concludes that any
28  provision contained herein is inappropriate, it may reject the plea agreement and give the

- 3 -

1  defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

2  11(c)(5).

3      b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,

4  vacated, or reversed at any time, this agreement shall be null and void, the United States

5  shall be free to prosecute the defendant for all crimes of which it then has knowledge and

6  any charges that have been dismissed because of this plea agreement shall automatically

7  be reinstated. In such event, the defendant waives all objections, motions, and defenses

8  based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions

9  in bringing later charges or proceedings. The defendant understands that any statements

10  made at the time of the defendant's change of plea or sentencing may be used against the

11  defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed.

12  R. Evid. 410.

13  **6.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

14      The defendant waives (1) any and all motions, defenses, probable cause

15  determinations, and objections that the defendant could assert to the indictment or

16  information; and (2) any right to file an appeal, any collateral attack, and any other writ or

17  motion that challenges the conviction, an order of restitution or forfeiture, the entry of

18  judgment against the defendant, or any aspect of the defendant's sentence, including the

19  manner in which the sentence is determined, including but not limited to any appeals under

20  18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

21  (habeas petitions), and any right to file a motion for modification of sentence, including

22  under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal,

23  collateral attack, or other motion the defendant might file challenging the conviction, order

24  of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to

25  bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial

26  misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

27

28

- 4 -

1    **7.    DISCLOSURE OF INFORMATION**

2        a.    The United States retains the unrestricted right to provide information and

3    make any and all statements it deems appropriate to the U.S. Probation Office and to the

4    Court in connection with the case.

5        b.    Any information, statements, documents, and evidence that the defendant

6    provides to the United States pursuant to this agreement may be used against the defendant

7    at any time.

8        c.    The defendant shall cooperate fully with the U.S. Probation Office. Such

9    cooperation shall include providing complete and truthful responses to questions posed by

10    the U.S. Probation Office including, but not limited to, questions relating to:

11        (1)    criminal convictions, history of drug abuse, and mental illness; and

12        (2)    financial information, including present financial assets or liabilities

13    that relate to the ability of the defendant to pay a fine or restitution.

14    **8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

15        a.    Nothing in this agreement shall be construed to protect the defendant from

16    administrative or civil forfeiture proceedings or prohibit the United States from proceeding

17    with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all

18    monetary penalties, including restitution imposed by the Court, shall be due immediately

19    upon judgment, shall be subject to immediate enforcement by the United States, and shall

20    be submitted to the Treasury Offset Program so that any federal payment or transfer of

21    returned property the defendant receives may be offset and applied to federal debts (which

22    offset will not affect the periodic payment schedule). If the Court imposes a schedule of

23    payments, the schedule of payments shall be merely a schedule of minimum payments and

24    shall not be a limitation on the methods available to the United States to enforce the

25    judgment.

26    **9.    ELEMENTS**

27        **Submission of Materially False Voter Registration Application**

28        On or about May 16, 2016, in the District of Arizona:

- 5 -

1.      Defendant knowingly and willfully deprives, defrauds, or attempts to deprive or defraud the residents of a state of a fair and impartially conducted election process

2.      By the submission of a voter registration application that the defendant knew to be materially false, fictitious, or fraudulent under the laws of the State of Arizona.

**10.   FACTUAL BASIS**

a.      The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

b.      **Background.** On August 11, 2011, defendant JOSEPH JOHN MARAK was convicted of 18 felony counts in the United States District Court of the Eastern District of North Carolina. JOSEPH JOHN MARAK was sentenced to 72 months of imprisonment to be followed by three years of supervised release. JOSEPH JOHN MARAK was subsequently incarcerated at federal correctional institution until he was released to home confinement in Arizona on May 14, 2016. As he was permitted to do while on home confinement, JOSEPH JOHN MARAK applied for an Arizona driver license on May 16, 2016. The application included a request to register to vote and to "automatically receive an early ballot for each election for which I am eligible." The application also included the following declaration: "Voter Registration: I certify that I am not a convicted felon, or my civil rights have been restored, and that I have not been adjudicated incompetent. I certify that I am a United States Citizen. Submitting false voter registration is a Class 6 felony…". JOSEPH JOHN MARAK signed this certification. JOSEPH JOHN MARAK served home confinement until October 31, 2016, when he was placed on supervised release. On October 6, 2017, while on supervised release, JOSEPH JOHN MARAK applied to update his driver license information. This application also contained requests to register to vote and to automatically receive an early ballot and included the same certification as that set out in above. . JOSEPH JOHN MARAK signed this certification. JOSEPH JOHN MARAK was supervised in the District of Arizona and was granted an early termination of supervised release on June 6, 2018.

- 6 -

1   JOSEPH JOHN MARAK voted by mail in the following federal elections:

2        (1)     November 8, 2016 General Election

3        (2)     February 27, 2018 Special Primary District 8 Congressional Election

4        (3)     August 28, 2018 Primary Election

5        (4)     November 6, 2018 General Election

6        (5)     August 4, 2020 Primary Election

7        (6)     November 3, 2020 General Election

8   Arizona Revised Statutes Title 13, Section 904 provides that a conviction for a

9   felony suspends the right to vote of the convicted felon.

10   c.   The defendant shall swear under oath to the accuracy of this statement and,

11   if the defendant should be called upon to testify about this matter in the future, any

12   intentional material inconsistencies in the defendant's testimony may subject the defendant

13   to additional penalties for perjury or false swearing, which may be enforced by the United

14   States under this agreement.

15   **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

16   I have read the entire plea agreement with the assistance of my attorney. I

17   understand each of its provisions and I voluntarily agree to it.

18   I have discussed the case and my constitutional and other rights with my attorney.

19   I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

20   to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to

21   present evidence in my defense, to remain silent and refuse to be a witness against myself

22   by asserting my privilege against self-incrimination, all with the assistance of counsel, and

23   to be presumed innocent until proven guilty beyond a reasonable doubt.

24   I agree to enter my guilty plea as indicated above on the terms and conditions set

25   forth in this agreement.

26   I have been advised by my attorney of the nature of the charges to which I am

27   entering my guilty plea. I have further been advised by my attorney of the nature and range

28

- 7 -

1   of the possible sentence and that my ultimate sentence shall be determined by the Court

2   after consideration of the advisory Sentencing Guidelines.

3          My guilty plea is not the result of force, threats, assurances, or promises, other than

4   the promises contained in this agreement.  I voluntarily agree to the provisions of this

5   agreement and I agree to be bound according to its provisions.

6          I understand that if I am granted probation or placed on supervised release by the

7   Court, the terms and conditions of such probation/supervised release are subject to

8   modification at any time.  I further understand that if I violate any of the conditions of my

9   probation/supervised release, my probation/supervised release may be revoked and upon

10  such revocation, notwithstanding any other provision of this agreement, I may be required

11  to serve a term of imprisonment or my sentence otherwise may be altered.

12         This written plea agreement, and any written addenda filed as attachments to this

13  plea agreement, contain all the terms and conditions of the plea.   Any additional

14  agreements, if any such agreements exist, shall be recorded in a separate document, and

15  may be filed with the Court under seal; accordingly, additional agreements, if any, may not

16  be in the public record.

17         I further agree that promises, including any predictions as to the Sentencing

18  Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

19  (including my attorney) that are not contained within this written plea agreement, are null

20  and void and have no force and effect.

21         I am satisfied that my defense attorney has represented me in a competent manner.

22         I fully understand the terms and conditions of this plea agreement.  I am not now

23  using or under the influence of any drug, medication, liquor, or other intoxicant or

24  depressant that would impair my ability to fully understand the terms and conditions of this

25  plea agreement.

26

27  _January 11, 2022_          _[signature]_
    Date                              Joseph John Marak
                                      Defendant

28

- 8 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

11/16/21
Date

Jane McClellan
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

FRANK GALATI
Digitally signed by FRANK GALATI
Date: 2021.11.16 11:44:47 -07'00'

Date

FRANK T. GALATI
Assistant U.S. Attorney

- 9 -

1

## ACCEPTANCE BY THE COURT

2

3  Date

Honorable
United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28